IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PAUL THOMAS GERIK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-202 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner PAUL THOMAS GERIK has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial

District Court of Randall County, Texas, for the felony offense of burglary of a habitation and

the resultant 99-year sentence.  For the reasons set forth below, the United States Magistrate

Judge is of the opinion petitioner's application for federal habeas corpus relief should be

DENIED.

I.
PROCEDURAL HISTORY

On January 18, 2012, petitioner was charged by indictment in Cause No. 22,925-B with

the felony offense of burglary of a habitation, enhanced with two previous felony convictions.

[ECF 16-31 at 132].  Petitioner entered a plea of not guilty to the offense; however, on August 8,

2012, after a jury trial, the jury found petitioner guilty and sentenced him to a 99-year term of imprisonment. *See State v. Gerik*, No. 22,925-B. [ECF 16-31 at 29].

On February 10, 2014, the state intermediate appellate court affirmed petitioner's conviction on direct appeal. *Gerik v. State*, 07-12-00360-CR, 2014 WL 546033, at *1 (Tex. App.—Amarillo 2014, pet. ref'd). Petitioner sought review of the affirmance of his conviction by filing a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. On July 23, 2014, that court refused petitioner's petition. *Gerik v. State*, PD-0261-14. [ECF 16-16]. Petitioner did not seek further review of his conviction and sentence by filing a petition for a writ of certiorari in the Supreme Court of the United States.

Petitioner sought collateral review of his Randall County conviction by filing a state habeas corpus petition and, on May 6, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Gerik*, No. 55,678-05. [ECF 16-27].

On June 11, 2015, petitioner deposited the instant federal habeas petition in the prison mail system and, on September 18, 2015, respondent filed an answer.

## II.
## FACTUAL HISTORY

The Amarillo Court of Appeals summarized the facts as follows:

The complainant arrived at her home on the afternoon of October 3, 2011, to find it had been burglarized. She called the police. She went through her home and made a list of items that were missing. Among the items missing were a red "Flying V" guitar, a silver "Star of David" necklace, and a personal/business checkbook. Some, but not all, of the items stolen were eventually recovered from a pawn shop and returned to her.

At trial, the pawn shop clerk testified Appellant pawned a red "Flying V" guitar and a silver "Star of David" necklace within hours of the burglary. Additionally, an employee from a check-cashing establishment testified that on October 7, 2011, four days after the burglary, Appellant presented a check made out to him from a

business account of the complainant's husband. The memo on the check provided it was for "home construction materials," but testimony established no remodeling had been done at the complainant's home. The employee processed the check through a verification system which revealed the check had been reported stolen. He made a phone call to confirm the information and then attempted to delay Appellant until police could arrive. Appellant asked that the check be returned so he could cash it elsewhere; however, the employee explained he could not return the check because it had been reported stolen, and Appellant left.

The complainant testified she initially had suspicions her son, Isaac, was involved in the burglary. At the time of the burglary, he lived at home, did not have a vehicle, worked sporadically at a bakery, was a member of a metal band and occasionally "crashed" at a friend's apartment. He also had recently purchased a studio and filled it with equipment for his band to rehearse and record. No evidence ever linked Appellant to Isaac. There was further speculation that one of Isaac's friends, whom the complainant described as an "enemy," could have had motive to commit the burglary, but no evidence was ever found to connect him to the burglary either.

Testimony established another individual pawned two guitars from the burglary on October 28, 2011, eight days after Appellant was taken into custody. While this individual did become a suspect in the burglary because of the circumstances surrounding the pawning of the guitars and his prior criminal record, he was never located. According to the lead detective, while he did attempt to contact all suspects, his investigation of other suspects never cleared Appellant.

*Gerik*, 2014 WL 546033, at *1 (footnotes omitted).

III.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

States because:

A.  The trial court threatened to taser him if he said anything at trial;

B.  There is no evidence to support the verdict;

C.  The prosecution made inflammatory and misleading statements;

D.  The illegal introduction of extraneous offense testimony during the punishment phase of trial violated his rights;

E.  He received ineffective assistance of trial counsel because counsel:

    1.  failed to secure a competency hearing;

    2.  failed to object to biased and inflammatory statements by the trial judge;

    3.  failed to object to evidence of a check forged by petitioner Gerik that came from the home of the burglary victim; and

    4.  made comments that made petitioner look guilty;

F.  He received ineffective assistance of appellate counsel because counsel failed to assert the grounds asserted herein;

G.  The repeated and numerous presentation of evidence of a check forged by petitioner that came from the burglary victim's home was a re-prosecution in violation of his double jeopardy rights;

H.  The presentation of the forged check to the jury was inadmissible, irrelevant, inflammatory and prejudicial;

I.  The jury instruction did not include alternate suspects or a lesser included offense of theft charge;

J.  The trial judge was biased because a fellow judge's sister-in-law testified during the trial; and

K.  The appellate court denied his right to self-representation on appeal.

IV.
<u>STANDARD OF REVIEW</u>

In her September 18, 2015 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims as to of ineffective assistance of counsel. [ECF 20 at 5-10, 17-18]. The Court will not repeat respondent's recitation regarding these standards of review, except where necessary to its discussion of petitioner's claims.

V.
<u>MERITS</u>

A.
Trial Court Threats

Petitioner argues he was prevented from communicating with the trial court or his counsel because the trial court *i.e.* the bailiff, shackled him with a taser and threatened to use it "if petitioner said anything, or even looked at the jury wrong." [ECF 3 at 5]. The Texas Court of Criminals Appeals denied petitioner's application for state habeas relief, including this claim, without a written order. A denial without written order is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden is significantly heightened in that petitioner cannot prevail even if it is shown that the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 963, 154 L. Ed. 2d 772 (2003). Petitioner has failed to meet this burden. Rather than advancing any argument against the state court denial of relief and/or explaining why the state court's determination was incorrect, petitioner merely restates the point of error he presented to the state court. Even if petitioner had correctly claimed unreasonableness or constitutional error by the state court, there is nothing in the record to support such a contention. His claim related to threats by trial court personnel is conclusory, without merit and should be denied.

B.
No Evidence

Petitioner asserts there is no evidence to support his conviction in that there is "No proof of entry. No proof of theft from therein. No proof of intent." [ECF 3 at 5].[1]  A claim of no evidence supporting a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F. 3d 257, 266 - 67 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004); *United States v. Jackson*, 86 F. App'x 722, 722 (5th Cir. 2004) (applying legal sufficiency of the evidence analysis to a "no evidence" claim).  Texas courts have consistently held that claims of sufficiency of the evidence must be raised on direct appeal and are not cognizable in post-conviction writs of habeas corpus. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims are not cognizable in post-conviction, collateral attacks); s*ee also West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) (recognizing this legal principle under Texas law).  The Texas Court of Criminal Appeals has clarified that "where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

Petitioner Gerik did not raise a no evidence or insufficiency of the evidence claim in his direct appeal, and the Texas Court of Criminal Appeals denied his state application for habeas relief without written order.  Applying its own holding in *Grigsby*, the highest state criminal court did not find petitioner's no evidence claim cognizable in the state habeas proceedings.  *See Id.*

---

[1] Petitioner claims to be challenging both the factual and legal sufficiency of his conviction.  The Texas Court of Criminal Appeals has held that challenges to the factual sufficiency of the evidence should be judged by the standard used to evaluate legal sufficiency, rendering factual and legal sufficiency indistinguishable.  *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

Consequently, petitioner's no evidence claim is barred unless he can demonstrate cause and show either prejudice or a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). He has failed to make such a showing or to demonstrate that he was actually innocent of the crime of which he was convicted. Accordingly, his claim is procedurally barred from review by this Court. Even if petitioner's claim was not barred, evidence that petitioner pawned a guitar and necklace taken from the home within hours of the burglary and attempted to cash a check taken from the home four days after the burglary provided sufficient evidence to uphold the jury's verdict. Thus petitioner's no evidence claim should be denied.

C.

Prosecution Statements

Petitioner next contends the prosecution violated his rights by making "inflammatory, misleading statements." [ECF 3 at 6]. Petitioner cites to portions of the record to support his claim; however, as stated by respondent, nothing in these portions of the record appears to be anything but routine voir dire recitations, direct examination of State's witnesses and State's closing arguments. Petitioner has merely made broad, conclusory allegations of prosecutorial misconduct without further specificity, and he has failed to show prejudice. Additionally, as was the case with his first claim discussed *supra* in paragraph V. A., petitioner has not advanced any argument against the state court denial of relief. Instead, petitioner merely restates the point of error he presented to the state court. Even if petitioner had correctly claimed unreasonableness or constitutional error by the state court, nothing in the record cited by petitioner supports such a contention. Consequently, this claim concerning statements made by the prosecution should be denied.

D.

<u>Evidence of Extraneous Offenses</u>

Petitioner next argues his constitutional rights were violated because evidence of extraneous offenses was introduced during the punishment portion of trial.  To obtain habeas corpus relief, petitioner must show there was a federal constitutional violation that harmed him. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).  He is not entitled to relief on the grounds of trial court error, unless the error was of a constitutional nature.  *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005).

A review of the record shows that during the punishment phase of trial, the State presented three witnesses who testified about a September 25, 2011 home burglary.  The first witness, the victim, testified about the particulars of the crime including the date and the items stolen.  [ECF 16-11 at 55-60].  The second witness, an employee at the EZ Pawn pawn shop, testified about a transaction she conducted on September 25, 2011 where she purchased several items from a man identified by his driver's license as Paul Thomas Gerik. [*Id.* at 62-68].  The third witness, an administrative assistant for the pawn shop detail in the detective division of the Amarillo Police Department, testified that property recovered from EZ Pawn as a result of the September 25, 2011 burglary was returned to the victims.  [ECF 16-10 at 46-47, 68-70].  It appears the State was attempting to use this testimony to establish evidence of an extraneous, uncharged crime committed by defendant just days before the crime at issue.  As stated by respondent, such a strategy is permissible under the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc art. 37.07 § 3(a)(1)(2012).  Petitioner's claim as to introduction of extraneous offense evidence is without merit and should be denied.

E.
<u>Ineffective Assistance of Trial Counsel</u>

Petitioner claims he received ineffective assistance of trial counsel because counsel failed to secure a competency hearing, failed to object to biased and inflammatory statements by the trial judge, failed to object to evidence of a check forged by petitioner Gerik that came from the home of the burglary victim and made comments that made petitioner look guilty. As stated *supra*, the Court will not repeat respondent's recitation regarding the standards of review applicable to ineffective assistance claims, except to acknowledge those claims require petitioner to show defense counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the court need not consider the other prong. *Id.* at 697. Additionally, when a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* 571 U.S. 12, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

1.

Failure to Secure Competency Hearing

Petitioner alleges that counsel was ineffective because he "didn't ask for a mental competency hearing even though petitioner Gerik was on medication for Post Traumatic Stress/Depression." [ECF 3 at 6]. A person cannot be subjected to a trial if the person's mental condition results in a lack of capacity to understand the nature of the criminal trial proceedings, an ability to consult with counsel, and an ability to assist in preparing a defense. *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). If evidence before the trial

court presents a bona fide doubt about the defendant's competency, the trial court must hold a competency hearing. *Pedrero v. Wainwright*, 590 F.2d 1383, 1387 (5th Cir 1979).

Petitioner's claim is without merit, conclusory and should be denied. Significantly, petitioner has put forth no evidence to show that he was incompetent at the time of his trial or even that there was any reason for either his trial counsel or the state trial judge to question his competence. Petitioner has not brought forth any evidence to show that he was unable to consult with trial counsel with a reasonable degree of rational understanding; nor has petitioner provided any evidence that he was unable to command a rational or factual understanding of the proceedings against him. Indeed, as set out in his federal and state habeas pleadings, petitioner takes issue with many of counsel's actions at trial; this is clear evidence that petitioner was present and aware of his surroundings and the proceedings against him. [ECF 3 at 6-9; 16-30 at 14-15, 52-55]. Petitioner has wholly failed to demonstrate he was unable to fulfill even these basic elements of the minimum standard of incompetency. *See Carter v. Johnson*, 131 F.3d 452, 461 (5th Cir 1997). As such, petitioner has not shown deficient performance or prejudice due to counsel's failure to request a competency examination, and his claim should be denied. *See Moody v. Johnson*, 139 F.3d 477, 481-82 (5th Cir. 1998); *Carter*, 131 F.3d at 463-464.

2.

Failure to Object to Trial Judge's Statements

Petitioner next complains trial counsel acted ineffectively in that he failed to "object to biased and inflammatory statements made by [the trial judge] to jury pool/jury." [ECF 3 at 7]. Instead of reciting the statements with specificity, including how the statements were biased and/or inflammatory against him, petitioner merely cites to five pages of the 540-page record to support his claims.

A review of the pages cited reveals the judge attempting to explain to the jury the terms "bias" and "prejudice" by using a college football analogy; attempting to explain to the jury that if they have a personal response to questions during voir dire, for example if the case were about the sexual abuse of a child and they had some personal connection to such a case, they could approach the bench instead of visiting about it in front of everyone; and the judge attempting to explain to the jury the rules the court expects them to follow, such as no talking about the case amongst themselves. [ECF 16-8 at 13, 16-17]. The record also shows the judge sustaining an objection because the question asked was "improper" and also addressing the jury jokingly that he actually got them "right back" as he said he would. [ECF 16-11 at 7, 14]. To the extent petitioner's claim is that trial counsel failed to object to these various statements by the judge, this claim falls within the realm of trial strategy in terms of determining when to object to a judge's statements during voir dire or otherwise. In this case, however, petitioner has failed to show the lack of objections meets the *Strickland* standard. *See* 466 U.S. at 689.

Petitioner has merely made broad, conclusory allegations of ineffective assistance without further specificity, and he has failed to show prejudice. This claim based on a lack of objections to the trial judge's statements should be denied.

### 3.
### Failure to Object to the Forged Check

At trial, the State introduced copies of what petitioner calls the "Bram check" to the jury. One copy, State's Exhibit 13, was a copy of the original check; two other copies, State's Exhibits 10 and 11, were copies of the check after the police had "washed" it for fingerprints. [ECF 16-9 at 87-89; ECF 16-10 at 27-29]. Petitioner appears to take issue not only with the introduction of these exhibits, but also with counsel's failure "to object to repeated, needless introduction of

inferential and circumstantial evidence. (Repeated introduction of the 'Bram check')." [ECF 3 at 7]. According to petitioner, the State referred to the check 140 times during trial. [Id. at 8].

As stated by respondent, the original check, recovered at a check-cashing establishment because it was reported stolen, was clearly relevant and admissible under Rule 402 of the Texas Rules of Evidence. The check was one of several stolen during the burglary, and the State was free to introduce it at trial. Additionally, because the "washed" check did not implicate petitioner *i.e.* his fingerprints were not found on it, it was reasonable trial strategy for counsel to not raise an objection. *See Strickland*, 466 U.S. at 689 (internal citation omitted) ("the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."). Petitioner has failed to meet his burden under *Strickland,* and this claim related to trial strategy should be denied.

## 4.
### Counsel's Incriminating Comments

Petitioner contends trial counsel "made comments in at least 15 instances that made his client (GERIK) look guilty." [ECF 3 at 9]. Petitioner then cites to fifteen pages in the record to support his claim. Almost half of those pages cover cross-examination testimony elicited by defense counsel from two State's witnesses - one of the victims of the burglary and the victim's son. The Court finds petitioner's argument, that these portions of the record support his claim that defense counsel made comments incriminating him, to be without merit.

The remaining pages of the record cited by petitioner all relate to trial counsel's closing argument. Respondent has thoroughly and accurately categorized the issue as one of trial strategy, to which this Court must defer. Respondent states,

> Gerik cites to Lesly's closing statement where Lesly implies that Gerik is [a] stupid "crook," but argues that the prosecution failed to prove that Gerik entered the victims' home. This argument is sound trial strategy, because the evidence showing

Gerik possessed and sold the stolen properly was virtually indisputable. The weakest point in the State's case was the lack of direct evidence showing that Gerik actually entered the victims' home. Therefore, Lesly executed a reasonable (if not recommended) strategy of earning credibility through acknowledging the indisputable aspects of Gerik's wrongdoing while disputing the parts of the State's case where the evidence is weakest. Such a strategy is not unknown given the sometimes-insurmountable-evidence facing defense attorneys. *See,* e.g, *Thompson v. State*, No. 14–12–00958–CR, 2014 WL 2158152, at *4 (Tex. App. – Houston [14th Dist.] 2014, no pet.) ("Trial counsel's argument in this case could have been part of a reasonable trial strategy to appear open and honest to the jury in an attempt to gain sympathy or to mitigate punishment."); *Jones v. Butler*, 864 F.2d 348 (5th Cir. 1988), *cert. denied*, 490 U.S. 1075 (1989) (Decision to concede death and rape of victim and concentrate on identity issue was not inappropriate tactic considering all facts and circumstances.).

Because [trial counsel] executed a reasonable trial strategy, this Court must defer to his decision to acknowledge aspects of Gerik's poor character. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) ("[D]eference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage.").

[ECF 20 at 21-22](internal cites omitted).  Under the "doubly deferential" standard of review this Court is obligated to follow, petitioner has failed to meet his burden and his claim concerning trial tactics should be denied.  *See Burt v. Titlow,* 571 U.S. 12, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

F.
Ineffective Assistance of Appellate Counsel

Petitioner appears to claim that appellate counsel was ineffective for failing to present, on direct review, the claims petitioner now brings before this Court.  [ECF 3 at 9].  The *Strickland* standard discussed herein also applies to claims of appellate counsel error.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).  It is difficult to show defense counsel's decision not to pursue a particular claim on appeal falls outside the "wide range of professionally competent assistance" in order to demonstrate deficient performance.  *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Counsel "need not advance every argument, regardless of merit, urged by the appellant." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)(citing *Jones v. Barnes*, 463 U.S. 45 (1983)). The process of winnowing out weaker arguments and focusing only on those that appear more likely to prevail is the hallmark of effective appellate advocacy. *Jones*, 463 U.S. at 751-52. Petitioner's appellate counsel raised three points of error related to the sufficiency of the evidence. Petitioner has put forth no evidence or argument in order to demonstrate that those points were inadequate. Consequently, he fails to establish ineffective assistance because appellate counsel's choice of which points of error to argue is a matter of strategy.

Additionally, prejudice, in the context of appellate counsel error, requires petitioner to demonstrate a reasonable probability that he would have prevailed on appeal. *See Robbins*, 528 U.S. at 285-86. Because petitioner's claims are without merit, as discussed herein, it cannot be said appellate counsel would have prevailed on appeal and this claim should be denied.

## G.
## Double Jeopardy and Collateral Estoppel

Petitioner seems to argue that the introduction of the "Bram check" at trial violated his double jeopardy and collateral estoppel rights because it amounted to "reprosecution (sic) of the check in order to obtain a burglary conviction." [ECF 3 at 11]. Petitioner claims he pleaded guilty to forgery of the stolen check "simply because he had been in possession of it." [ECF 3 at 7]. Petitioner received a 5-year sentence in exchange for his plea. [*Id.*]. It does not appear this information was revealed to the jury in the burglary trial.

Petitioner's claim is conclusory and without merit. As discussed *supra*, under the rules of evidence, the prosecution was within its right to introduce the forged check at trial because it was stolen from the victim of the burglary and later recovered at a check-cashing establishment. Additionally, as stated by trial counsel in the state habeas proceeding by affidavit,

The double jeopardy protection does not prevent the prosecution of a defendant for two criminal offenses which have distinctively different elements. The offenses of forgery and burglary of a habitation contain distinctively different elements. These offenses were committed on separate dates and involve different culpable mental states. Thus, I did not raise double jeopardy because it was inapplicable to this case.

As for collateral estoppel, the applicant pled guilty to the forgery case in Potter County. By pleading guilty, there were no facts found adverse to the State in the forgery prosecution. Thus, I did not raise collateral estoppel because it was inapplicable to this case as well.

[ECF 16-31 at 60]. Petitioner has failed to establish how the introduction of the check at his burglary trial violated his rights, and his claim should be denied.

H.
Introduction of "Bram Check" to the Jury

Petitioner claims the introduction of the stolen check to the jury was improper because the check was "inadmissible, irrelevant, inflammatory and prejudicial." [ECF 3 at 11]. Petitioner contends that because the writing had been erased [through the "washing" process in an attempt to lift fingerprints] and none of the prints were his, the only thing connecting him to the check was his signature. [Id.]. To the extent it is this "washed" check petitioner complains of, his claim is without merit. Because petitioner's fingerprints were not found on this check, it cannot be said this check was in any way inflammatory or prejudicial to him.

The "washed" check, however, was not the only check introduced at trial. The original check, prior to the application of chemicals in an attempt to obtain fingerprints, was introduced as well. One of the victims identified the check as one of several checks stolen in the burglary, verified the check was made out to Paul Gerik for $870.00 with a notation in the memo line saying "home construction materials" and verified that the signature of her husband on the check was forged. [ECF 16-9 at 86-89]. As has been discussed herein, the introduction of the check to the jury was proper under the Texas Rules of Evidence and it cannot be said the check was

inadmissible or irrelevant to the case.  Further, petitioner has failed to show the evidence,

although quite unfavorable to his position, was inflammatory or prejudicial to the extent it should

have been disallowed.  As stated by trial counsel in his affidavit during the state habeas

proceeding, "I could not locate any theory of law which would prevent the check, and the

circumstances surrounding the check, from coming into evidence at trial. Thus, I felt it was futile

to object to the check evidence at trial."  [ECF 16-31 at 60].  Counsel's affidavit testimony

establishes this was clearly within the realm of trial strategy.  *See Strickland*, 466 U.S. at 689

(internal citation omitted) ("the defendant must overcome the presumption that, under the

circumstances, the challenged action might be considered sound trial strategy."). Petitioner's

claim as to lack of objection to this evidence should fail.

I.

Inadequate Jury Instructions

Petitioner argues the jury instructions failed to include an instruction about the possibility

of other suspects or about a lesser included offense of theft.  It is rare that an erroneous jury

charge that was not the subject of a proper objection in trial court justifies federal habeas relief;

further, an incomplete jury instruction is less likely to be prejudicial than a misstatement of the

law.  *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736-37, 52 L.Ed.2d 203 (1977).  In

considering such an issue in a habeas action, the court must determine "whether the ailing

instruction by itself so infected the entire trial that the resulting conviction violates due process,"

not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned.'"

*Id*. (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368

(1973)).  To merit relief, the petitioner must demonstrate that the error "had a substantial and

injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S.

619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)  There must be more than a mere reasonable

possibility that the error contributed to the verdict; instead, there must be a substantial effect or influence in determining the verdict. *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999).

To the extent petitioner claims the trial court should have included an "alternative suspect/raised defensive theory" in the jury charge, his claim is without merit. While this may be a valid defense to be presented at trial by evidence *i.e.* someone else committed the crime, petitioner has not demonstrated he was entitled to such a jury charge. Further, the State addressed this issue during the state habeas proceeding. In addition to the fact the claim should have been raised on direct appeal, *see Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007), the State argued,

> [Petitioner] was not entitled to a separate instruction such as this one. Established jurisprudence in the state makes clear that criminal defendants are not entitled to special instructions on the issue of identity since they merely negate an element of the State's case-in-chief. *See Giesburg v. State,* 984 S. W.2d 245, 251 (Tex. Crim. App. 1998).
>
> Here, an "alternative perpetrator" instruction would have done nothing more than serve to contest the identity element of the State's prosecution. Therefore, while [petitioner's] lawyer was free to argue just such a defensive theory, which, in fact, he did, he was not entitled to an instruction within the charge. It would have constituted an impermissible comment on the weight of the evidence, one more reason why [petitioner] was not entitled to such an instruction in the first place. *Davis v. State,* 313 S.W.3d 317, 330 (Tex. Crim. App. 2010); *Giesburg v. State, supra* at 251.

[ECF 16-31 at 19].

Petitioner also argues the jury charge should have included the lesser offense charge of theft. Again, as argued by the State during the state habeas proceeding, petitioner should have raised this issue on direct appeal. *Ex parte Cruzata,* 220 S.W.3d at 520. In any event, petitioner's claim is without merit. Petitioner's trial counsel argued an innocence defense; thus, he was not entitled to any lesser-included instruction at all. *See Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App. 1985). Petitioner's claims as to the jury charge should be denied.

J.
Trial Court Bias

First, petitioner appears to complain about "commentary/extrajudicial (sic) statements" made by the trial judge. Petitioner cites to certain pages in the record to support his argument. The Court has addressed this claim in the context of petitioner's ineffective assistance of trial counsel claim for failing to object to these judicial statements. *See* Paragraph V.E.2. For the reasons discussed *supra*, petitioner's claim of judicially biased comments is without merit.

Petitioner next contends the trial court erred when it allowed a relative of a fellow judge to testify during the punishment phase about a totally unrelated matter. [ECF 3 at 13]. The undersigned has addressed this issue in the context of petitioner's complaint of the admittance of extraneous evidence during punishment. *See* Paragraph V.D. The testimony was permissible under the Texas Code of Criminal Procedure. The fact that the testimony was elicited from a fellow judge's relative, standing alone, does not make it less permissible. *See Kessel v. Quarterman*, No. H-07-4578, 2008 WL 2596662, at *8 (S.D. Tex. 2008)(no presumed or actual bias when judge was former neighbor of burglary victim).

At the outset, a judicial officer is presumed to be unbiased. *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). Judicial bias can be either presumptive or actual. *See Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). A judge is presumed biased when he or she (1) "has a direct personal, substantial, and pecuniary interest in the outcome of the case," (2) "has been the target of personal abuse or criticism from [a] party," or (3) "has the dual role of investigating and adjudicating disputes and complaints." *Bigby v. Dretke*, 402 F.3d 551, 559 (5th Cir. 2005). Presumptive bias requires a party to "establish that a genuine question exists concerning [the judge's] impartiality." *Id*. at 559. Actual bias requires a party to establish that a judicial officer's actions "show a deep-seated, extreme favoritism or antagonism [toward the

defendant]...such that fair judgment is impossible." *Buntion*, 524 F.3d at 673. [ECF 20 at 19-20].

Petitioner's claim of trial court bias has no evidentiary support and should be denied.

K.

Right to Self-Representation on Appeal

By his final claim, petitioner argues the "appeals court refused to [let] Gerik represent himself, or to submit a pro-se brief on appeal." [ECF 3 at 13]. A review of the state habeas record shows that on appeal, petitioner, although represented by counsel who had filed an appellate brief, requested that court to compel his counsel to raise additional claims or alternatively, to dismiss counsel so petitioner could proceed *pro se*. [ECF 16-31 at 24]. The appellate court denied the request on the basis that petitioner was not entitled to hybrid representation. [*Id*.]. Petitioner proceeded to file a *pro se* brief without leave of the court. [*Id*.]. The appellate court again entered an order reiterating that petitioner was not entitled to hybrid representation and denying his request to dismiss appellate counsel because counsel had timely filed a brief that complied with the appellate rules. [Id. at 24-25].

As argued by the State in the state habeas proceeding,

This constitutes a request for hybrid representation to which [petitioner] is not entitled. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex.Crim.App. 1995). [Petitioner's] belated request for hybrid representation, which would necessarily have encompassed the opportunity to represent himself, came at a point well after his court-appointed lawyer had timely filed a rules-compliant brief. Thus, it cannot be concluded that the appeals court denied [petitioner] his right to self-representation because it did not exist at the time.

[Id. at 25-26]. There is no right to self-representation or hybrid representation on appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999). Accordingly, petitioner's claim regarding his state court appeal should be denied.

VI.

AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claims raised herein and denied relief.  In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2).  Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court.  In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).  The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect."  *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012).  The AEDPA standard is met only in cases where there is no possibility a

fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's March 17, 2015 Response [ECF 18], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner PAUL THOMAS GERIK be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 6, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).